In the Matter of the Estate of EDITH M. SAWYER, Deceased. LEONARD W. CRAMER, as Successor Executor, Respondent; SAMUEL A. McCLUNG et al., Appellants.

Third Department, November 14, 1974.

*Harry R. Hayes* for appellants.

*Van Horne, Feury & Gozigian* (*Edward Gozigian* of counsel), for respondent.

SWEENEY, J.  Edith Sawyer died in July of 1958.  By her will, she left her husband, LeRoy Sawyer, a life estate in all her property with power to consume.  Her estate was then valued at approximately $300,000.  Leonard W. Cramer, the attorney for the estate, probated the will, filed tax returns and distributed the assets of the life estate for which he received a fee of $4,449, plus expenses.  The will provided that LeRoy was to be executor and upon his death Cramer was to take his place. When LeRoy died in January of 1971, the life estate was valued at about $474,000 and consisted of securities and a small checking account.  Cramer was appointed executor under LeRoy's will in May, 1971.  In July, 1971 he was issued letters testamentary as successor executor of Edith's estate.  He filed a petition for judicial settlement of that estate in June of 1973.

The objectants, residuary beneficiaries under Edith's will, contest, among other things, the amount of the attorney's fee awarded for services rendered by Cramer to the estate after the death of the life tenant.  Cramer received $15,000 advance payment under SCPA 2111 and, following a hearing on the objections to the judicial settlement, the court reduced that to $12,000.  Objectants argue that most of the legal work in the estate was performed after Edith's death and before LeRoy died, and as to the work done after his death, no question of major difficulty was encountered.  The record reveals that Cramer, an attorney of many years' experience, rendered all the legal services necessary to administer this substantial estate after the death of the life tenant, it having necessitated some 250 hours of professional time.  The court properly accorded some consideration to the local bar association's minimum fee schedule for such work, the fee awarded being less than the amount suggested by such schedule.  (*Matter of Freeman,* 34 N Y 2d 1.)  There is sufficient evidence in the record to support the award and we find no reason to disturb it.

The objectants also appeal from the award of full commissions, amounting to a little less than $15,000, and urge that they be limited to a " reasonable compensation " for executorial services pursuant to subdivision 6 of SCPA 2207.  In view of the provision in Edith's will for the appointment of Cramer as executor after the death of LeRoy, and the fact that all assets had to be marshalled, fiduciary income tax returns prepared, assets reduced to cash and distributed and an accounting had in the future, in our opinion, the situation was not appropriate

for use of SCPA 2207. Under the circumstances, the executor should not be denied his full commissions computed pursuant to SCPA 2307.

Next, we find no merit to objectants' contention that the executor should have been surcharged for renewal premiums on his fiduciary's bond. There is sufficient evidence to support the decision of the court on this issue.

Finally, there was nothing improper in the court's award of costs to the executor. There appears to be error, however, in computing the number of days occupied in trial. The amount allowed under subdivision 2 of SCPA 2302 should be reduced from $750 to $450 as the record shows that the trial occupied two, not five days.

The decree should be modified, on the law and the facts, so as to reduce the amount of the award of costs to $900, and, as so modified, affirmed, with costs to respondent payable out of the estate.

HERLIHY, P. J., STALEY, JR., KANE and REYNOLDS, JJ., concur.

Decree modified, on the law and the facts, so as to reduce the amount of the award of costs to $900, and, as so modified, affirmed, with costs to respondent payable out of the estate.